UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:18-CR-20641 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANTHONY ADAMS | |
| | (COMPASSIONATE RELEASE) |

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

  ☐   This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                       s/Terrence G. Berg
                                       UNITED STATES DISTRICT JUDGE

Dated:  January 9, 2023

Anthony Adams, a 33-year-old federal inmate serving a 96-month sentence for wire fraud and related offenses, has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, the motion will be **DENIED.**

*Background*

In 2018, Anthony Adams was indicted for conspiracy to commit wire fraud, 18 U.S.C. § 1349, conspiracy to commit money laundering, § 1956, and several counts of aggravated identity theft, § 1028A(a)(1). He remained in detention for the entirety of his pre-trial proceedings. In July 2019, he pleaded guilty to the charges and, in November 2021, he was sentenced to a total of 96 months' imprisonment followed by 2 years' supervised release. (ECF No. 274.) The Court also ordered him to pay $1,939,476.80 in restitution, jointly and severally with his co-defendants.

In March 2022, Adams filed this motion for compassionate release. (ECF No. 318.) The government does not dispute that he properly exhausted his administrative remedies before filing the motion. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

*Legal Standard*

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows the Court to reduce a defendant's sentence if, "after considering the factors set forth in section 3553(a)," it finds that "extraordinary and compelling reasons" warrant a reduction and the reduction would be "consistent with applicable policy statements by the Sentencing Commission." There is currently no applicable policy statement. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

*Analysis*

   *Extraordinary and compelling reasons for release*

In his motion, Adams asserts that he suffers from hypertension, hypokalemia (lower than normal potassium levels in the blood), and hyperaldosteronism (a condition marked by too much of the hormone aldosterone in the blood), for which he urgently needs surgery. He

1

contends that this need for surgery, plus his fear of COVID-19 (which he has contracted twice) and his desire to assist in the care of a relative who suffers from a brain injury, is an extraordinary and compelling reason to reduce his sentence.

But the record before the Court does not clearly establish that surgery is truly an urgent medical necessity and, in any event, federal inmates who need medical care—including medically necessary surgery—have the right to receive such care while in custody. The Court is aware that Adams was briefly hospitalized before his sentencing. (ECF No. 332, Sentencing Tr., 17:7-22.) Treatment notes from the aftermath of that hospitalization propose testing; they go on to state that surgery "could be considered" but that, if that the necessary prerequisite testing is not feasible while Adams is incarcerated, "continuing medical care with adjustment of medication" is a "reasonable" course of treatment. (ECF No. 336-3, PageID.2829.) Since then, it appears that the Bureau of Prisons has been providing appropriate care—including medications (ECF No. 47), referral to a specialist (ECF No. 336-4, PageID.2847), testing (*id.* at PageID.2895), and imaging (*id.* at PageID.2903). Notes from February 2022 state that Adams's hypokalemia has "resolved." (ECF No. 336-4, PageID.2848.) And notes from later sick calls suggest that his conditions are being monitored and managed.

In his reply brief, Adams complains that he is being prescribed more and more medication in place of surgery. (ECF No. 347.) But mere disagreement with a plan of care does not, on its own, warrant a sentence reduction.

The other grounds Adams advances also do not justify reducing his sentence. Adams is fully vaccinated. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (holding that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction"). Under certain circumstances, being the only available caregiver for an ailing family member may amount to a compelling reason for early release. *See, e.g., United States v. Griffin*, 2020 WL 7295765, at *3 (S.D. Fla. Dec. 8, 2020) (finding compelling reason for sentence reduction where defendant showed he

2

was only adequate caregiver for ailing sister). But Adams provides no details about his family member or what care he or she needs—nor does he provide any records showing that no one else is available to provide that care or that he would be capable of providing it.

Accordingly, the Court sees no extraordinary or compelling reason for a sentence reduction.

*Application of the § 3553(a) factors*

Although the Court is denying Adams's motion based on its inability to conclude that there is sufficient reason for a sentence reduction, it nonetheless addresses the § 3553(a) factors. These factors include his history and personal characteristics; the nature and circumstances of his crimes; providing just punishment; affording adequate deterrence; protecting the public from further crimes; and providing Adams with any necessary correctional services and treatment. 18 U.S.C. § 3553(a).

Adams's sentence was imposed a little over a year ago. He says that the time he has spent in prison so far has fostered in him a respect for the law, and that he plans to enroll in vocational training and live with his fiancée if released. (ECF No. 318, PageID.2562, 2565.) But his crimes were serious: in spite of strong family and community ties he chose to conspire with seven other co-defendants to engage in a widespread fraud that spanned several states, ensnared multiple victims, and caused well over $1.5 million in losses. He has several prior convictions for similar offenses. While he has been in custody since his arrest in September 2018, the time remaining on his sentence is significant: information publicly available from the Bureau of Prisons Inmate Locator website states that his earliest release date is in July 2025. The Court notes that during pretrial proceedings it denied three requests to revoke his detention order out of a concern for community safety. Adams's original sentence, which is below his guidelines range, appropriately reflects the seriousness of his offenses, protects the public, promotes respect for the law, and provides appropriate deterrence for similar conduct.

Accordingly, Adams's motion is **DENIED.**